Filed 7/22/16  P. v. Washington CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANNY WASHINGTON,<br><br>    Defendant and Appellant. | D069023<br><br>(Super. Ct. No. SCD261196)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT

It is ordered that the opinion filed herein on July 19, 2016 be modified as follows:

1.  On page one in the second paragraph beginning with "Jan B. Norman," the words "Plaintiff and Respondent should be replaced with "Defendant and Appellant."

2.  On page one after the second paragraph, the following paragraph should be added:

No appearance for Plaintiff and Respondent.

There is no change in judgement.

BENKE, Acting P. J.

Copies to:  All parties

Filed 7/19/16  P. v. Washington CA4/1 (unmodified version)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANNY WASHINGTON,<br><br>    Defendant and Appellant. | D069023<br><br>(Super. Ct. No. SCD261196) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Plaintiff and Respondent.

Danny Washington appeals after a jury found him guilty of pimping in violation of Penal Code section 266h, subdivision (a).[1]  The jury deadlocked on a pandering charge (§ 266i, subd. (a)(6)).  The trial court later dismissed the pandering charge and prior prison term allegations.  The trial court sentenced Washington to the low term of three

---

[1]    Undesignated statutory references are to the Penal Code.

years and imposed various fines and fees.  Washington received a total of 432 days of pre-sentence custody credits (216 actual plus 216 conduct under section 4019).

FACTUAL BACKGROUND

Galina Sieck became Washington's girlfriend and the couple shared the money they earned for food and shelter.  Sieck worked as an escort and advertised online.  In early March 2015, Detective Gerardo Serrano, as part of an undercover investigation, telephoned Sieck in response to her advertisement.  Serrano met Sieck at a hotel where Serrano handed Sieck money after they had discussed the sex acts to be performed.  At that point, other police officers entered the room and arrested Sieck for prostitution.  The police cited Sieck and released her.

After her release, Sieck took a picture of the citation and sent it by text message to Washington.  Sieck was upset about the citation because she had "[done] this since 2010" and this was her first ticket.  The couple exchanged text messages with Sieck stating she worked as an escort for both of them and shared the money she earned with Washington. Sometimes Sieck gave her money to Washington so she would not lose it or be robbed.

A few days later, Detective Manuel Dominguez, Jr., another undercover police officer, arranged a sexual encounter with Sieck by exchanging text massages.  Sieck met Doninguez at a hotel where she was staying with Washington.  About 30 minutes before the encounter, Washington left the room and sat on an outside stairway.  Dominguez entered Sieck's room and discussed the price for her services.  When she took money from Dominguez, other police officers entered the room and arrested her.

2

In the meantime, Detective Levi Merriman observed Washington sitting on the stairway outside the hotel room. Merriman detained Washington for further investigation. When Merriman opened the internet browser on Washington's cell phone the browser immediately opened a Craigslist account manager page and depicted an advertisement for Sieck's services. Merriman testified that the account manager allows a person to post, delete and modify posted advertisements.

After Washington had been detained and Sieck had been arrested, police placed the couple in the back of a patrol car with a hidden recording device. In their recorded conversation, Washington asked Sieck what she had told the police and instructed her to stick to her "story." District Attorney Investigator Robert Hinkledire accessed recorded telephone calls between Sieck and Washington while he was in jail awaiting trial. A recording of one of the telephone conversation was played for the jury. During this conversation Washington told Sieck that another woman would contact her about $300 jobs, that the woman wanted 40-50 percent, but Sieck would need professional pictures and have her hair and nails done. Dominguez opined that Washington was instructing Sieck on how to continue making money for him as a prostitute.

DISCUSSION

Washington's court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Counsel presented no argument for reversal, but asked this court to review the record for error, listing as possible but not arguable issues, whether the evidence supported Washington's pimping

3

conviction. We granted Washington permission to file a brief on his own behalf. He has not responded.

The crime of pimping is committed by someone "who, knowing another person is a prostitute, lives or derives support or maintenance in whole or in part from the earnings or proceeds of the person's prostitution … or who solicits or receives compensation for soliciting for the person." (§ 266h, subd. (a).) Here, the evidence summarized above was sufficient for a reasonable jury to conclude that Washington knew that Sieck worked as a prostitute and derived some of his support or maintenance from Sieck's earnings as a prostitute.

We have concluded our independent review of the record and find no other reasonably arguable issues. Competent counsel has represented Washington on this appeal.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:


HUFFMAN, J.


O'ROURKE, J.

4